<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STATE FARM GUARANTY INSURANCE COMPANY, <br><br> and <br><br> STATE FARM INDEMNITY COMPANY, <br><br> Plaintiffs, <br><br> v. <br><br> MARSHALL CHIROPRACTIC, LLC <br><br> and <br><br> JAMES MARSHALL, D.C., <br><br> Defendants. | Civil Action No. 20-1918 (MAH) <br><br><br> OPINION |

## I. INTRODUCTION

This matter comes before the Court on the motion of Defendants James Marshall, D.C. and Marshall Chiropractic, LLC (collectively "Defendants") for summary judgment pursuant to Federal Rule of Civil Procedure 56. Defs.' Mot. for Summary Judgment, May 28, 2021, D.E. 41. Defendants seek dismissal of Plaintiffs State Farm Guaranty Insurance Company and State Farm Indemnity Company's (collectively "Plaintiffs") Complaint with prejudice for failure to comply with the New Jersey Affidavit of Merit Statute, N.J.S.A. 2A:53A-26-29. Defs.' Br., May 28, 2021, D.E. 41-3, at p. 5. Defendants alternatively ask that the Court bar Plaintiffs from addressing any applicable standard of care at trial. *Id.* at 11. Pursuant to Federal Rule of Civil

1

Procedure 78 and Local Civil Rule 78.1, the Court considered the motion without oral argument. For the reasons set forth below, Defendants' motion is denied.

## II.    BACKGROUND

Plaintiffs are auto insurance carriers who provide personal injury payment ("PIP") coverage to their insureds.  Compl., Feb. 21, 2020, D.E. 1, at ¶¶ 13-15.  Defendant Marshall is a chiropractor licensed in the State of New Jersey and the owner of Defendant Marshall Chiropractic.  Compl., D.E. 1, at ¶ 12.

On February 21, 2020, Plaintiffs filed a Complaint against Defendants, asserting four causes of action:  common law fraud; breach of the New Jersey Insurance Fraud Prevention Act, N.J.S.A. 17:33A-1-30; unjust enrichment; and declaratory relief.  Compl, D.E. 1, at ¶¶ 100-118. According to the Complaint, Defendants fraudulently acquired PIP payments from Plaintiffs by imposing a predetermined treatment protocol and subjecting State Farm-insured patients to "virtually the same laundry list of services on nearly every visit," rather than conducting an individualized assessment and creating a personalized treatment plan.  Compl., D.E. 1, at ¶¶ 44-46.  Plaintiffs demand reimbursement for PIP-benefit payments totaling "approximately $850,000."  Compl., D.E. 1, at ¶¶ 6-7, 105, 118.  They also seek treble damages, costs, and declaratory relief as redress for Defendants' alleged misconduct.  Compl., D.E. 1, at ¶¶ 105, 108, 118.

Defendants failed to timely answer, and default was entered against them on April 14, 2020.  *See* Text Order, Apr. 20, 2020, D.E. 11.  Plaintiffs thereafter agreed to vacate the default, and Defendants filed their Answer on April 29, 2020.  Defs.' Answer, Apr. 29, 2020, D.E. 14.

The parties engaged in discovery and telephonically appeared before the Court on three occasions:  June 12, 2020, November 6, 2020, and February 19, 2021.  Pretrial Scheduling

Order, June 16, 2020, D.E. 19, at p. 1; Transcript, Nov. 6, 2020, D.E. 30; Text Order, Feb. 19, 2021, D.E. 38.  On May 28, 2021, fifteen months after the initiation of this matter and over twelve months after filing their Answer, Defendants moved for summary judgment.  Notice of Mot., May 28, 2021, D.E. 41.  They assert for the first time that Plaintiffs were required to file an affidavit of merit under N.J.S.A. 2A:53A-27.  Defs.' Br., D.E. 41-3, at p. 5; *see also* Defs.' Reply Br., June 29, 2021, D.E. 50, at p. 10.

### III.     DISCUSSION

#### A.  Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(c), a motion for summary judgment will be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  A disputed fact is material if it has the potential to affect the outcome of the suit under the governing substantive law, and an issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248; *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (3d Cir. 2007).  All facts and inferences must be construed "in the light most favorable to the nonmoving party." *Peters v. Del. River Port Auth.*, 16 F.3d 1346, 1349 (3d Cir. 1994).

The party seeking summary judgment must initially provide the Court with the basis for its motion.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  This showing requires the moving party to establish that there is no genuine issue of material fact and that the moving party must prevail as a matter of law.  *Id.* at 322-23.  Alternatively, the movant must prove that the non-moving party has failed to make a showing sufficient to establish the existence of an

element critical to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322; Fed. R. Civ. P. 56(c)(1)(B). The onus shifts to the non-moving party only after the initial burden has been met. *Shields v. Zuccarini*, 254 F.3d 476, 481 (3d Cir. 2001). The opposing party must go beyond the pleadings and "set forth specific facts showing the existence of [a material] issue for trial" to survive summary judgment. *Id.*

### B. Application of the New Jersey Affidavit of Merit Statute

Defendants argue that Plaintiffs were required to comply with the New Jersey Affidavit of Merit Statute, N.J.S.A. 2A:53A-27, because the Complaint contains allegations that Defendants "breach[ed] the applicable standard of care owed . . . to their patients in providing medical services." Defs.' Statement of Undisputed Material Facts, May 28, 2021, D.E. 41-2, at ¶ 4. Plaintiffs contend their claims are outside the statute's scope because they are not pursuing personal injury, wrongful death, or property damages, and they have not filed an action for malpractice or negligence. Pls.' Br., June 21, 2021, D.E. 49-1, at p. 4.

Under N.J.S.A. 2A:53A-27, a plaintiff is required to provide each defendant with an affidavit of merit "[i]n any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation" within sixty days of the defendant's answer. By requiring the plaintiff to submit an affidavit of merit from an appropriately licensed person attesting that the care provided was outside acceptable professional standards, N.J.S.A. 2A:53A-27 allows courts to distinguish plainly meritless personal-injury lawsuits from meritorious claims. *Cornblatt v. Barow*, 303 N.J. Super. 81, 88-89 (App. Div. 1997), *rev'd on other grounds*, 153 N.J. 218 (1998). Where the statute applies, "[t]he submission of an appropriate affidavit of merit is considered an element of the claim." *Meehan v. Antonellis*, 226 N.J. 216, 228 (2016). The

failure to provide an appropriate affidavit "or a statement in lieu thereof . . . shall be deemed a failure to state a cause of action," N.J.S.A. 2A:53A-29, and "ordinarily requires dismissal of the complaint with prejudice," *Meehan*, 226 N.J. at 228.

Plaintiffs have not filed an action for malpractice or negligence. Nevertheless, "[i]t is not the label placed on the action that is pivotal but the nature of the legal inquiry" that dictates whether the statute applies. *Couri v. Gardner*, 173 N.J. 328, 340 (2002). In *Couri v. Gardner*, the New Jersey Supreme Court set forth three elements that guide the Court's determination:

> (1) whether the action is for "damages for personal injuries, wrongful death or property damage" (nature of inquiry); (2) whether the action is for "malpractice or negligence" (cause of action); and (3) whether the "care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint [] fell outside acceptable professional or occupational standards or treatment practices" (standard of care).

*Id.* at 334 (alteration in original) (quoting N.J.S.A. 2A:53A-27).

Defendants argue that Plaintiffs satisfy the first *Couri* element because they seek property damages. Defs.' Br., D.E. 41-3, at pp. 8-9. Defendants reason that "[p]ersonal property embraces everything that may be tangible or intangible such as a chosen in action. The right or claim to 'money damages . . . is a property right . . . beyond question.'" *Cornblatt*, 303 N.J. Super. at 86 (quoting *Beedie v. Int'l Bhd. of Elec. Workers*, 25 N.J. Super. 269, 272 (App. Div. 1953)).

Courts have distinguished claims for unspecified money damages from those that seek repayment of a sum certain pursuant to a contract. "[U]nspecified money damages meet the property damage requirement of the [Affidavit of Merit] Statute." *Nuveen Mun. Tr. v. Withumsmith Brown P.C.*, 752 F.3d 600, 604 (3d Cir. 2014). Claims seeking to recoup a finite sum previously paid, however, do not fall within the Affidavit of Merit Statute. *Id.*; *Couri*, 173

5

N.J. at 334-35.  For example, in *Hanover Architecture Service, P.A. v. Christian Testimony-Morris, N.P.*, Civ. No. 10-5455, 2014 WL 282698, at *7 (D.N.J. Jan. 24, 2014), the Court observed that New Jersey courts have construed "property damage" broadly for purposes of the Affidavit of Merit Statute.  However, the Court concluded that "while the definition of damages to personal property contemplated in the Affidavit of Merit Statute remains nebulous, *Couri* makes clear that amounts paid under a contract, or amounts paid as a result of the breach of the contract, do not fall within the ambit of the statute." *Id.* at *8.  In that case, Hanover Architecture provided architectural design services to Christian Testimony related to the renovation or conversion of a warehouse to a new church and procured municipal variances and approvals for the construction. *Id.* at *1-2.  Following difficulties in meeting the municipality's requirements, the parties' relationship broke down and litigation ensued. *Id.* at *2-4.  Hanover Architecture alleged that Christian Testimony infringed its copyrights concerning the architectural plans. *Id.* at *3-4.  Christian Testimony counter-claimed for breach of contract. *Id.* at *4.

    The District Court ruled that to the extent Christian Testimony's breach claim sought the return of money paid to Hanover Architecture, the claim did not require an affidavit of merit. *Id.* at *8.  The Court held, however, that to the extent Christian Testimony's breach claim sought consequential damages arising from delay in completing the project, an affidavit of merit was required. *Id.* at *9.  On reconsideration, the Court ruled the breach claim for delay did not require an affidavit of merit.  2014 WL 884778, at *7 (D.N.J. Mar. 6, 2014).  The Court reasoned that there was no property interest in any delay in completion of the project, and therefore "damages for the delay . . . [were] not cognizable under the Affidavit of Merit Statute." *Id.* Further, the Court explained, the economic loss doctrine limited Christian Testimony's claim to

one for breach of contract and precluded engrafting a malpractice claim onto the breach claim. *Id.*

*Nagim v. New Jersey Transit*, 369 N.J. Super. 103 (Law Div. 2003) is also instructive. In that matter, the plaintiff alleged construction work at a New Jersey Transit property caused flooding in his business, damaging his rug inventory. *Id.* at 106. New Jersey Transit sought indemnification from a third-party defendant, an engineering firm. *Id.* at 107. The Law Division concluded New Jersey Transit's claims, while made pursuant to a contract between itself and the engineering firm, were for property damage and thus required an affidavit of merit. *Id.* at 117-18. The court explained that New Jersey Transit did not seek reimbursement of the monies paid for the engineering firm's services; rather, "Transit's claim is for the actual defense and/or the yet unspecified defense costs associated with [the] plaintiff's claims against Transit." *Id.* at 119. Moreover, that claim "relie[d] upon proof of professional negligence or malpractice by a licensed professional," *id.* at 119, as the firm "[did] not agree[] to indemnify Transit for Transit's own negligence," *id.* at 118.

In this case, Plaintiffs seek to recover a sum that is substantially certain. Specifically, Plaintiffs seek the return of "more than $850,000 in PIP benefits" paid because of Defendants' alleged scheme. Compl., D.E. 1, at ¶¶ 6-7, 105, 108, 113. Although Plaintiffs relatedly seek treble damages, declaratory relief, and costs, those potential damages do not change the Court's analysis. *See Couri*, 173 N.J. at 335 (holding demands for reimbursement and "incidental costs incurred" from defendant's alleged wrongful conduct were not "damages for personal injuries, wrongful death or property damage"). Plaintiffs' claims are not for unspecified, unascertained monetary damages, i.e., "property damage," *Nuveen*, 752 F.3d at 604, and their demands for repayment do not hinge upon a showing that Defendants committed professional malpractice,

7

*see, e.g.*, *Nagim*, 369 N.J. Super. at 118-19.  Accordingly, Plaintiffs' allegations do not trigger the Affidavit of Merit Statute.

For these reasons, the Court denies Defendants' motion for summary judgment and the relief requested therein.

### IV.  CONCLUSION

Defendants' motion for summary judgment is **DENIED**.  An appropriate Order accompanies this Opinion.

s/ Michael A. Hammer
**United States Magistrate Judge**

Dated:  September 17, 2021